## Gertrude Dunlap v. Edwin Gleason.

*Replevin: Conditional contract: Title.* The owner of a sewing machine delivered it to another, and received the following receipt:

"DETROIT, Nov. 28, 1866.

"Received of E. W. Gleason one certain sewing machine, which I agree to safely keep and carefully use, and not remove from Wayne county, and at the expiration of three months from the above date, return the same to him free of charge and unincumbered; provided always, and it is expressly understood that if, on or before the expiration of the above time, I shall pay to the said E. W. Gleason the sum of sixty dollars, then this receipt shall be null and void, and the said E. W. Gleason shall execute to me a bill of sale of said machine.      GERTRUDE DUNLAP."

The receiptor sold the same soon after.

In an action of replevin by the owner: *Held,* that by the terms of said receipt no credit was intended to be given, and that no title passed until the money was paid, and that the owner had a right to replevy the machine when said receiptor parted with the possession, whether the three months had expired or not.

*Heard, October 16th. Decided, October 22nd.*

Error to Wayne Circuit.

This was an action of replevin brought to recover the possession of a sewing machine.

It appears that Gleason, defendant in error, being the owner of the machine, delivered it to one Pollock and his wife, and took the following receipt:

DETROIT, NOVEMBER 28, 1866.

"Received of E. W. Gleason one certain sewing machine, No. ——, known as the Florence, which I agree to safely keep and carefully use, and not remove from Wayne county, and at the expiration of three months from the above date, return the same to said E. W. Gleason, free of charge and unincumbered; provided always, and it is expressly understood that if, on or before the expiration of the above time I shall pay to the said E. W. Gleason the sum of sixty dollars, then this receipt shall be null and void, and the said E. W. Gleason shall execute to me a bill of sale of said machine.

(*Signed*)

"LOUIS POLLOCK,

"SARAH JANE POLLOCK."

That during the following January, said Pollock and his wife sold the said machine to plaintiff in error, whereupon said Gleason replevied it.

Judgment was rendered for plaintiff below.

*Kirchner & Elliott,* for plaintiff in error.

1. The contract between Gleason and Pollock does not, in law, amount to a bailment; but to a sale.

*a.* By the terms of the contract, Pollock was not bound to return the machine at the expiration of three months; but he had the privilege of doing so, or pay sixty dollars. The specific article delivered by Gleason to Pollock was not, according to the terms of the contract, required to be returned by the latter, and the contract was not therefore one of bailment.—*Edwards on Bailm.* 1; *Story on Bailm.* § § 228, 439; 7 *Cow.* 752. The last case was affirmed in 4 *Shep.* 17, cited below.

*b.* But the transaction amounted to a sale, and the property in the machine passed to Pollock.— 7 *Shep.* 319; 4 *Id.* 17; 1 *Fairf.* 31; *Hill. on Sales,* 31.

2. Conceding that the property in the machine did not pass by the contract between Gleason and Pollock, the judgment should be reversed.

The contract was made on the 28th of November, 1866. Pollock was to return the machine within three months from that date, or pay $60. He had therefore the *right* to elect at any time before the expiration of the three months, whether he would return the machine, or pay $60.— 21 *Vt.* 292; 2 *Pars. on Cont.* (*5th Ed.*) 657.

Before the expiration of the three months, Pollock sold the machine to plaintiff in error, and Gleason brought replevin. We submit that before the three months had expired, Gleason had no right of action whatever; that by selling the machine Pollock made his election to pay $60 at the expiration of three months, at which time Gleason

had a right to maintain an action against Pollock for that sum, and nothing more. — 2 *Pars. on Cont.* ( *5th Ed.* ) 657; 7 *Cow.* 752.

'The contract makes no provision for forfeiture, in case Pollock should sell the machine. The policy of the law has always been to make all forfeitures odious. The language of an agreement is never construed into a provision for forfeiture, unless such provision is expressly stipulated for. A provision for forfeiture is never implied. — 15 *Penn. St.* 296. Yet, if by selling the machine, Pollock did not forfeit his right thereto, on what grounds can the judgment in the court below be sustained?

*Ward & Palmer*, for defendant in error.

1. The title to the machine did not pass by the terms of the receipt. The first clause is a receipt of the machine, and an agreement to *safely keep*, in Wayne county, and return it unincumbered at the expiration of three months; the second clause provides how the first clause may become null and void, and a sale perfected, by Pollock's paying $60, and the evidence of sale was *then* to be given by Gleason.

If Gleason loaned the machine to Pollock, of course the title did not pass, or if he sold the machine conditionally, or rather agreed to sell the machine to Pollock, the title did not pass. — *Couse v. Tregent*, 11 *Mich.* 65.

2. Gleason had a right to bring suit for the machine after Pollock had sold it, and before the three months had expired.

Pollock had the right, *under the contract*, to retain the machine three months; but by the sale he parted with all his right to it, and since he could not transfer his right to retain it, Dunlap acquired no right thereby.

And if by the sale of the machine the contract was broken, then of course the right of action was complete.

DUNLAP *v.* GLEASON.

Pollock agreed to *safely keep it,* but did not; he sold it, and by so doing Gleason's right to recover the same was complete.— 6 *N. H.* 14. 8 *Id.* 325; 34 *Id.* 39.

COOLEY J.

In the writing given by Pollock to Gleason, the former acknowledged the receipt of the sewing machine, which he agreed to safely keep and carefully use, and not remove from Wayne county, and at the expiration of three months, return the same to Gleason, free of charge and incumbrance. Thus far, there is no intimation of an intended sale, and the words employed are aptly chosen to create a bailment. But it is then added that it is understood that if Pollock, within the three months, shall pay to Gleason sixty dollars, the said writing shall be null and void, and Gleason shall execute a bill of sale of the machine. In other words, Pollock may terminate the bailment and purchase the machine by the payment of $60 within the three months, at his option.

We think the terms of this paper clearly show that Gleason did not intend to trust to the personal responsibility of Pollock, or to part with his title, conditionally or otherwise, until the sixty dollars was paid. In this the case differs from those cited on behalf of the plaintiff in error. Gleason has not taken from Pollock an alternative promise, leaving with him a choice in performance, but he has required an absolute undertaking for the return of the machine within a time limited. The further stipulation is in the nature of a defeasance of that undertaking, dependent not upon Pollock's agreement to pay the price of the machine, but upon his actually paying it. Until such payment, the agreement to return remains in full force; and it is plain that Gleason did not intend to give credit on sale of the machine, but to sell only for cash payment.

This being so, and the title remaining in Gleason, he had a right to replevy the machine, when Pollock put it

out of his hands, whether the three months had expired or not. The bailment, by its express terms, imports a personal trust which could not be transferred.

Judgment affirmed, with costs.

CHRISTIANCY and CAMPBELL, JJ. concurred.

MARTIN Ch. J. did not sit.