## LEWIS H. SMITH v. ELIZABETH LOZO.

*Liability for ratification of trespass.*

One cannot be liable as for the ratification of a tort that was not committed in his interest; so *held* where suit was brought against the general agent of a sewing machine company for a

forcible trespass committed by employees while removing a machine by his direction and in compliance with the orders of the company from the premises of one who held it under a sewing machine lease which had been forfeited.

A "sewing machine lease" gave the privilege of purchasing the machine by paying the full amount of the rent at any time during the continuance of the lease, but reserved to the lessor all property in the machine, and the right to control it until the purchase money was paid in full, and also gave him the right to seize it on default in payment. *Held* that the title continued in the lessor, and that as matter of law he had a right to dispossess the lessee in case of default.

Error to Wayne. Submitted Oct. 14. Decided Oct. 28.

TRESPASS. Defendant brings error.

*Moore & Moore* for plaintiff in error, to the point that the sewing machine company was entitled to the possession of the machine after demand made for it, cited *Couse v. Tregent*, 11 Mich., 65.

*Griffin & Dickinson* for defendant in error. A purchaser under a contract has a reasonable time in which to pay after demand made, *DeYoe v. Jamison*, 33 Mich., 94.

GRAVES, J. Mrs. Lozo sued Smith before a justice of the peace in trespass *quare clausum*, and alleged therein acts in aggravation, and among others the exportation of a sewing machine.

On the 30th of October, 1875, the Wheeler & Wilson Manufacturing Company entered into a writing with Mrs. Lozo to lease her one of their machines, with the privilege of buying. The instrument containing the arrangement was in these terms:

"This agreement, made this 30th day of October, 1875, between the Wheeler & Wilson Manufacturing Company, party of the first part, and Elizabeth Lozo, of the city of Detroit, county of Wayne, State of Michigan, party of the second part,

WITNESSETH: That the party of the first part, in consideration of the agreements hereinafter mentioned, to be kept and performed by the party of the second part, does let and rent to the party of the second part one

Wheeler & Wilson 7 D. L. and D. sewing machine, number 9193, with the following tools for the same, viz.: 1 screw-driver, 1 oil can, 2 gauges, 1 thumb-screw, 1 needle wrench, 4 bobbins, 1 hemmer, 1 emery wheel, 4 glasses, 1 side spring, 1 thread hook and 12 needles, for and during the term of 16 months from the day and date hereof. And the said party of the second part in consideration of the leasing of said sewing machine by the said Wheeler & Wilson Manufacturing Company, to the party of the second part, agrees to pay the said Wheeler & Wilson Manufacturing Company, at their office 139 Woodward avenue, Detroit, without any demand whatever being made therefor, as rent for said sewing machine, the sum of eighty-five dollars; twenty-five dollars in advance this day, and five dollars on the first day of each succeeding month, until the whole sum of eighty-five dollars shall be paid. The above first payment is one second-hand Grover & Baker, taken in exchange.

And the said party of the second part covenants with said party of the first part, that he has received said sewing machine and the tools above described, in good order and condition, and at the termination of this lease by forfeiture or otherwise will deliver up the possession of said machine and tools to the said party of the first part, in as good condition as when the machine was received, ordinary wear excepted. It is further agreed by said party of the second part, that she will not under-let or assign this lease, remove or permit to be removed said machine from her house, number 56 Wight street, in said city, without the written consent of said party of the first part. It is expressly understood and agreed by and between the parties aforesaid, that if the rent above agreed to be paid, or any part thereof, shall be unpaid on the day agreed upon, or if default shall be made in any one of the conditions herein contained to be kept by said party of the second part, or in case said Wheeler & Wilson Manufacturing Company may fear removal loss or injury of said machine and tools, or if said party of the second part shall attempt to dispose of the same, or if the same shall be removed, or disposed of, or taken by any suit of any court, then in either case this lease shall be forfeited and ended without notice, at the option of the said Wheeler & Wilson Manufacturing Company; and the said Wheeler & Wilson Manufacturing Company may without process of law take possession of said sewing machine; and for that purpose may enter any of the said premises of the said party of the second part to recover for or obtain said machine, using such force as may be necessary in so

doing, and the said party of the second part hereby waives any trespass, or any right of action for damages which she might or could have against said party of the first part, or their agents for reason of such procuring or attempting to procure possession of said machine; and said party of the second agrees to pay all costs, expenses and fees of every kind which may arise to said party of the first part, by reason of said forfeiture and taking possession.

And the said party of the second part admits that the party of the first part is a legally constituted corporation under the laws of the State of Connecticut, and no proof thereof shall be required in any action by or arising under this lease.

It is agreed between the Wheeler & Wilson Manufacturing Company and Elizabeth Lozo, that if the said Elizabeth Lozo shall desire to purchase said machine she may have the privilege of doing so at any time during the continuance of said renting by payment to the said Wheeler & Wilson Manufacturing Company of the sum of eighty-five dollars, in which case all sums paid for rent within ten months (should said renting so long continue), will be deducted from said sum. But the privilege to purchase said machine shall in no way interfere with the right of the said Wheeler & Wilson Manufacturing Company to control said machine, (all property remaining in them the same as though the privilege of purchase had not been added to this agreement of renting), until the purchase money is paid in full.

In witness whereof, the said parties have hereunto set their hands on the day and year first above written.

WHEELER & WILSON MANUFACTURING COMPANY,
By A. H. WEST, Agent. [L. S.]
ELIZABETH LOZO. [L. S.]
In presence of A. F. WATT.

No salesman is authorized to make any contract or verbal promises different from that written or printed on the face of this lease and all payments subsequent to the first must be remitted to Wheeler & Wilson Manufacturing Company, 139 Woodward avenue, Detroit.

When this arrangement was entered into Mrs. Lozo delivered the Grover & Baker machine here mentioned at twenty-five dollars and received the Wheeler & Wilson machine. She made a number of little payments subsequently, and in May, 1878, the whole amount paid, including Grover & Baker machine, was $64.50. For several months prior to this time, however, she had paid nothing,

and was in default. The machine was in her possession at her residence, and she was using it as she had occasion.

Smith at this time was the company's principal agent at Detroit, and he received a letter from the company stating that Mrs. Lozo had paid nothing later than September 25, 1877, nearly eight months, and instructing him that unless she paid $5 at once, and a like sum regularly each succeeding month until the lease should be "paid out," to take possession and advise the company. He thereupon directed Mr. Coe, the person employed to collect money and take up machines, to execute the request contained in the letter; and the latter taking with him a man by the name of Roedecker, called at Mrs. Lozo's for the money. She was unable to pay anything and refused to let the machine go. They took it, however, against her remonstrance, and in opposition to some personal resistance, and Smith afterwards refused her application to repossess it, except upon the terms of payment or security. She then brought this action against him, and was allowed to recover $100. There was some evidence tending to show that the character of the writing was misrepresented when she signed, and that she was drawn in to execute it by deception and fraud. But no question was submitted to the jury on this evidence, and the case was decided on other considerations. She also gave evidence that there was some contention with the persons who took away the machine, and that they used harsh language, and that the machine was worth to her from three to four dollars per week.

The circuit judge instructed the jury that if this trespass took place and was reported to the defendant, the general manager, and he on her demand refused to give up the machine and place her in the same position she occupied before it was taken, he was liable in the action to such judgment as they should think the evidence warranted under the circumstances.

The effect of this charge was to hold Smith as a wrong-doer by adoption or ratification of the acts of Coe

and Roedecker. The case, however, afforded no ground whatever for applying that doctrine. In order to involve one as a wrong-doer by subsequent adoption, the act complained of must have been done in his interest or been designed to further some purpose of his own. Cooley on Torts, 127. There is no pretense, or any room for any, that any act of Coe or Roedecker in the transaction was done, or understood as being done, in the interest of Smith or for his benefit. The only interest was that of his principals, the company, and the charge itself very nearly implies it.

The jury were further instructed that Mrs. Lozo was entitled to the possession and use of the machine, and entitled to recover whatever was her actual loss on account of her dispossession, and to this was added that the evidence tended to show that the use was worth to her from three to four dollars per week. In this the court erred. Upon the terms of the writing between the parties it is too plain to justify discussion that the title continued in the company, and that in point of law they were entitled to dispossess her in case of her default. *Dunlap v. Gleason,* 16 Mich., 158; *Preston v. Whitney,* 23 Mich., 260; *Giddey v. Altman,* 27 Mich., 206; *Johnston v. Whittemore,* id., 463.

It is needless to refer to other grounds the company reserved for dispossessing her. Apart from the questions mentioned there is room for saying that upon the whole case a right of action in trespass against Smith hardly seems to be indicated.

The judgment must be reversed with costs, and a new trial granted.

The other Justices concurred.