The MARQUETTE MANUFACTURING Co. v. JOHN JEFFERY.

*Levy upon goods not paid for by the debtor.*

Machinery was transferred with a written stipulation that title should not pass until it was paid for and that when all the terms and conditions were fulfilled the vendor would give a bill of sale; that the vendor might resume possession at any time for breach of contract, but that the purchaser might remove the property, and should insure it and assign the insurance policy to the vendor to secure deferred payments. *Held* that such transaction was valid and that, until the property was paid for, creditors of the purchaser could not levy thereon.

Case made from Marquette. Submitted Oct. 5. Decided Oct. 18.

R̲EPLEVIN. Plaintiff had judgment. Affirmed.

*E. E. Osborn* and *F. O. Clark*, for defendant appellant, claimed that the transaction in this case was a mortgage, and not a conditional sale : Herm. Chat. Mortg. § 23 ; and sought to distinguish the case from *Couse v. Tregent* 11 Mich. 65 ; *Dunlap v. Gleason* 16 Mich. 158 ; *Whitney v. McConnell* 29 Mich. 13 ; referring besides, to *Smith v. Lozo* 42 Mich. 6 ; *McMillan v. Larned* 41 Mich. 521 ; *Giddey v. Altman* 27 Mich. 206 ; *Johnston v. Whittemore* id. 463 ; *Preston v. Whitney* 23 Mich. 260 ; *Deyoe v. Jamison* 33 Mich. 96 ; a sheriff may attach mortgaged property and hold it for the time prescribed by law for bringing it to sale on execution : *Cary v. Hewitt* 26 Mich. 229 ; *Nelson v. Ferris* 30 Mich. 497 ; *Haynes v. Leppig* 40 Mich. 602 ; a mortgagee must file his mortgage or it is not good as against creditors, unless they have actual notice of it, and where doubts exist they must be solved in favor of the purchaser or creditor : *Anderson v. Brenneman* 44 Mich. 202 ; *Carr v. Carr* 52 N. Y. 251 ; a contract in the nature of a bill of sale may be a chattel mortgage : *Cooper v. Brock* 41 Mich. 488 ; a party to a contract cannot retain money received under it, and at the same time claim its rescission : *Hogan v. Weyer* 5 Hill 390 ; *Buchenau v. Horney* 12 Ill. 336 ; *Jennings v. Gage et al.* 13 Ill. 612 ; unless there is a condition of forfeiture in the contract as to money paid, all money paid under it must be returned if the contract is declared forfeited : *Preston v. Whitney* 23 Mich. 267 ; default in payment must be followed by some act of the vendor indicating his election to consider the contract at an end, before it can be terminated : *Converse v. Blumrich* 14 Mich. 109 ; *Wallace v. Pidge* 4 Mich. 570 ; *Bomier v. Caldwell* 8 Mich. 463.

*M. H. Maynard* for appellee. A purchaser's right to hold property not fully paid for, and to complete the purchase on paying the residue of the price is not a right of

property but merely a right resting in contract; and it is not subject to attachment: *Goodell v. Fairbrother* 12 R. I. 233 : 34 Am. Rep. 631; *Cole v. Berry* 42 N. J. L. 308 : 36 Am. Rep. 511.

CAMPBELL, J. Plaintiff recovered in replevin against defendant certain machinery which he had seized on a writ against certain partners named Bisson, who were in possession of it under an agreement to purchase it from plaintiff. Defendant brings error, and claims that the plaintiff had parted with the title, and had at most a security which was invalid against creditors for want of record.

The claim under which the Bissons held was to this effect : Plaintiff on the 4th day of November, 1880, entered into a writing wherein it is stated that plaintiff delivers to them " all the steam machinery and wood-working machinery, and the shafting, pulleys, hangers, belts and other connections in its shop on Main street, and the machinery thereto belonging, but which are at this time loaned to F. W. Read & Co. and D. H. Merritt. The title to said property is to remain in said manufacturing company until fully paid for. The company has the right to resume possession of said property wherever found, at any time, for the breach of this contract. A particular description of said property is to be made at time of removal, and the same shall be marked and numbered, and a schedule of the same be attached hereto as a part of this contract.

"Said Bissons, parties of the 2d part, agree to buy of said company the machinery aforesaid where it now is, taking the same down and removing it at their own expense, and it is mutually agreed that it is to be removed to Ishpeming in the county of Marquette." The writing then provided for the payment of the price of $3000, one-third down and the balance in August, 1881 and 1882. The Bissons agreed when they had finished their shop and set up the machinery, to insure the shop and machinery for $2000 and assign the policy as collateral for the deferred payments. The plaintiff agreed when all the terms and conditions should be performed to give a bill of sale, and guaranteed the title.

When the levy was made the property was not paid for. The machinery was fastened and permanently bolted down and the boiler walled up in a building owned by the Bissons and standing on leased land. The levy covered the entire property.

It is not claimed by the plaintiff in error that the property had ceased to be personalty, but he claims that title passed to the Bissons, who became the owners, leaving plaintiff in replevin only a claim by way of lien or security.

It seems to us no language could have been used which would have expressed more plainly the intention of the parties to pass no title. The instrument even goes so far as to provide for a future bill of sale. It cannot be seriously doubted that such a transaction is valid, and that owners of chattels may allow others to use them until paid for or reclaimed without thereby losing title. The case is not to be distinguished in principle from a series of decisions heretofore made in this State. See *Smith v. Lozo* 42 Mich. 6, and previous cases therein cited.

There was no title in the Bissons which could authorize the levy.

The judgment must be affirmed with costs.

The other Justices concurred.