Budlong et al. v. Cottrell et al.

BUDLONG ET AL. v. COTTRELL ET AL.

1. **Conditional Sale:** WHAT IS NOT: CONTRACT CONSTRUED. Where goods were received by defendants under a contract with plaintiffs containing the following provision: "We agree to settle for all goods herewith and subsequently ordered, upon receipt of invoice and bill of lading, by forwarding our note or notes or acceptances, payable with exchange on New York or Chicago. * * * The title, ownership and right of possession shall be and remain in J. J. Budlong & Co., until settled for as provided in this contract," *held* that there was no sale, conditional or otherwise, of the goods, until settled for as provided in the contract, and that a mortgage of the goods by defendants before settlement conferred no rights upon the mortgagees which they

could assert against plaintiffs. *Singer Sewing Machine Co. v. Holcomb*, 40 Iowa, 33, distinguished.

### Appeal from Woodbury Circuit Court.

### Tuesday, July 22.

ACTION to recover specific personal property, to-wit, certain agricultural implements. Certain of the defendants, to-wit, Amasa Cottrell and La Bell Wagon Company, demurred to the petition, and the demurrer was sustained. The plaintiffs electing to stand upon their petition, judgment was rendered for the defendants. The plaintiffs appeal.

*L. S. Fawcett*, for appellants.

*Joy & Wright*, for appellees.

ADAMS, J.—The appellees, Amasa Cottrell and La Bell Wagon Co., demurred to the petition on the ground that the petition states facts which avoid a cause of action as against them. The action is brought against Warren H. Cottrell, Wm. A. Cottrell and James F. Miller, doing business under the firm name of Cottrell Bros. & Miller, and also against the appellees, Amasa Cottrell and La Bell Wagon Co. It is not claimed by the appellees that the petition states facts which avoid a cause of action as against Cottrell Bros. & Miller, but only as against themselves. Their theory is that the petition shows that the property in question was at one time owned by the plaintiffs, and was delivered by them to Cottrell Bros. & Miller under a contract of conditional sale, and that, while the property was so held by Cottrell Bros. & Miller, it was mortgaged to the appellees, who took possession of the same under their respective mortgages. They claim that, as mortgagees of property sold to their mortgagors upon condition, they are entitled to hold possession under section 1922 of the Code, which is in these words: "No sale, contract or lease, wherein the transfer of title or ownership of personal property is made to depend upon any condition, shall be valid

against any creditor or purchaser of the vendee or lessee in actual possession, obtained in pursuance thereof, without notice, unless the same be in writing, executed by the vendor or lessor, acknowledged and recorded the same as chattel mortgages." The petition refers to the contract under which the property in question was delivered by the plaintiffs to Cottrell Bros. & Miller, and shows a copy thereof attached as an exhibit. The question presented arises upon the construction of this contract. If it does not show a conditional sale, it shows no sale, and the plaintiffs are entitled to maintain their action.

The contract is long, and contains provisions not material to our inquiry. We shall not, therefore, set out a copy in full. It embraces an order whereby Cottrell Bros. & Miller order from J. J. Budlong & Co. nineteen harrows, particularly described, and also thirty No. 1 corn cultivators, all with prices carried out, and it contains a stipulation to pay the prices mentioned. It also contained a stipulation in these words: "We agree to settle for all goods herewith and subsequently ordered upon receipt of invoice and b. l., by forwarding our note or notes or acceptances, payable with exchange on New York or Chicago * * * *. The title, ownership and right of possession shall be and remain in J. J. Budlong & Co., until settled for as provided in this contract." The plaintiffs, in support of their position, that the contract and delivery thereunder, in the absence of a settlement as provided, does not constitute a sale, either absolute or conditional, cite *Mowbray v. Cady*, 40 Iowa, 604; *Conable v. Lynch*, 45 Id., 84; *Bayliss v. Davis*, 47 Id., 340; *Marquette Manf. Co. v. Jeffery*, 49 Mich., 283. The defendant mortgagees cite *Singer Sewing Machine Co. v. Holcomb*, 40 Iowa, 33.

The contract in the case at bar is so different from any one of the contracts involved in the cases cited, that they cannot be regarded as affording much aid in determining the question before us. It will be sufficient to consider the case of *Singer Sewing Machine Co. v. Holcomb*. In that case it was held that there was a conditional sale. The contract pur-

ported to be a lease, and provided for the payment of four installments of rent, one in cash on the signing of the instrument, and three on time. But it was shown that the instrument was used in making sales, and that the so called installments of rent were really purchase money, a portion of which, it appears, was paid when the instrument was signed. During the time of the deferred payments, the party obligated therefor was to have the use of the machine.

In the case at bar, the property was to be settled for at once, upon the receipt of the invoice and bill of lading. No credit whatever was given, nor was any right or interest in the property to pass until settlement. Cottrell Bros. & Miller might properly enough, to be sure, receive the property from the common carrier before settlement, if it arrived before the invoice and bill of lading, but only for the purpose of holding and caring for the same for the plaintiffs. They could not properly sell the property, or exercise any dominion over it. The theory of the contract is that it was to be fully executed by both parties at substantially one time, and that, until fully executed, neither the title to the property, nor any right or interest therein, should pass. We think that the demurrer was improperly sustained.

REVERSED.