BENJAMIN THIRLBY AND WILLIAM JACKSON v. JOHN E. RAINBOW.

*Conditional sale—Forfeiture—Replevin—Rights of vendee—Estoppel.*

1. The question of the right of a vendee of personal property, the title to which was retained in the vendor until the payment of the purchase price, with the right to reduce it to possession in case of non-payment, to recover the amount paid thereon in excess of what the vendor had a right to retain, cannot be tried in a replevin suit brought by the vendor after default in payment and refusal to surrender the property on demand.[1]

2. The failure of an agent of the vendors of personal property, the title to which was retained in them until the purchase price was paid, to give notice of the interest of his principals therein at a sale of the property on the foreclosure of a mortgage given by the vendee, will not estop the vendors from asserting their rights as against a purchaser at said sale, who had no knowledge that the vendors were represented by said agent.

Error to Kalkaska. (Aldrich, J.) Argued June 16, 1892. Decided October 4, 1892.

---

[1] See *Gill v. DeArmant,* 90 Mich. 425, and foot-note, p. 426; *Lansing Iron & Engine Works v. Walker,* 91 Id. 409.

Replevin. Defendant brings error. Affirmed. The facts are stated in the opinion.

*C. O. Smedley* (*Totten & Phelps,* of counsel), for appellant.

*Pratt & Davis,* for plaintiffs.

McGRATH, J. Plaintiffs contracted to sell to James Greacen a 3-saw gang edger, for the sum of $225, payable $112.50 down, and the balance in two, six, and nine months.[1] Greacen gave interest-bearing notes for the deferred payments, and the edger was delivered into his possession, under the following agreement:

"It is also hereby agreed that the above-specified machinery shall remain the property of Thirlby, Jackson & Co., and the machine be subject to their order, until all the purchase price is paid, whether it rest in account or be evidenced by promissory notes or otherwise; but in default or failure to pay any part of the price or the interest thereon, at the time or in the manner herein specified, Thirlby, Jackson & Co. shall have the right to take possession of said machine, wherever it may be, and whatever sum or sums shall have been paid on the account shall be forfeited for wear and tear, rent, and expense of taking possession of said property."

The first of these notes was paid at maturity. In the fall of 1889, after the maturity of the second note, Greacen gave a chattel mortgage upon his personal property to Olney, Shields & Co., purporting to include this edger, who afterwards foreclosed the same, and the edger was struck off to defendant. After the maturity of the notes, plaintiffs demanded payment from Greacen, and also from defendant, and upon refusal to pay they demanded the edger, and, upon refusal to deliver, replevin was brought.

It is well settled that, under the facts stated, Greacen

---

[1] At the time of the sale plaintiffs and one Holdsworth composed the firm of Thirlby, Jackson & Co., who contracted for the sale of the machine; and at the time this suit was commenced plaintiffs were the owners of the contract and unpaid notes, having acquired the interest of Holdsworth therein.

could not, before compliance with the conditions of this
agreement, transfer the property so as to vest the title in a
*bona fide* purchaser.    *Couse v. Tregent*, 11 Mich. 65; *Dunlap
v. Gleason*, 16 Id. 158.    Such a contract is one of bailment
merely.    Plaintiffs' right of possession does not depend upon
the non-performance of the enumerated conditions; the
bailors have a right to recover for the conversion of the
property upon a wrongful determination by defendant of the
contract of bailment, beyond and independent of the stipu-
lated conditions.    *Johnston v. Whittemore*, 27 Mich. 463.
A transfer by the vendee to a subvendee is a direct violation
of the bailee's duty, which makes him a wrong-doer, and,
under such circumstances, no demand is necessary, as the
possession originates in a tortious taking.    *Whitney v.
McConnell*, 29 Mich. 12.    In case of default, or in case of
transfer of possession or attempted sale by the bailee, the
vendor has an undoubted right to take possession.    *Smith v.
Lozo*, 42 Mich. 6, and cases cited above.    The bailee has no
such title as would authorize a levy by his creditors.    *Mar-
quette Mang. Co. v. Jeffery*, 49 Mich. 283.

The principal question in the case, however, is whether
Greacen or the purchaser at the foreclosure sale had any such
special property in the edger as entitled them to a finding as
to their interest in the machine and a verdict for that amount
in the replevin suit.    The defendant insists that no surrender
of the two unpaid notes was made; that the testimony offered
tended to show that the machine when taken was worth $175,
and but $75 remained due upon it; and that he was entitled
to a judgment for the amount paid, less what the machine
had depreciated in value.    Defendant relies upon *Preston v.
Whitney*, 23 Mich. 260; *New Home Sewing Mach. Co. v.
Bothane*, 70 Id. 443; *Johnston v. Whittemore*, 27 Id. 463.

In *Preston v. Whitney*, however, the contract contained
no provision for a forfeiture.    The piano had been surren-
dered.    One hundred dollars had been paid upon it.    The

vendor had given to the vendee a note for $70, " valid as part pay for a pianoforte of me at retail price," and suit was brought upon the note. The defense was that the contract had been forfeited, and that there was no consideration for the note; but the Court held that the vendor was liable under such a contract for the excess in amount paid on the piano, over and above a fair compensation for use, injury, and incidental expenses of regaining possession, and that the note represented this excess. The Court say:

" Whether it would be competent to provide in such a contract for the forfeiture of all the several installments which might have been paid prior to default, or whether such a provision would be treated as a penalty, according to the principles which distinguish penalties from stipulated damages, is a question upon which we express no opinion."

*Johnston v. Whittemore* was an action of trover by the vendor against the purchaser, who had given away the organ to another, and the Court held that, in trover, the measure of damages was the amount of the unpaid note. There the contract had not been declared void. Speaking of a provision relating to forfeiture of all sums paid, the Court say:

" What might have been the effect of such a provision in case the contract had been declared void we need not decide, though it is clear such a provision is not one which the law would enforce, as for stipulated damages, as it is not based upon any idea of just and adequate compensation."

In *Sewing Mach. Co. v. Bothane* defendant had purchased a sewing-machine for $65, all but $10 of which had been paid. Defendant failed to pay the $10 when due, and plaintiff, without demand made, replevied, and the Court held that, not having declared the contract forfeited by a proper demand, defendant "had not only a right to hold the machine, but also an interest in the machine itself, which, if defeasible, was good till defeated." The Court say, however, that "if plaintiff had disaffirmed the contract by a proper notice, and defendant had failed to pay up the balance due,

a question might arise as to her remedy for the return of what she had paid, and how far, if at all, she could insist on a lien till its repayment."

These cases do not uphold defendant's contention, except so far as to throw doubt upon the validity of the clause providing for a forfeiture. The question here is whether in case of a transfer of the property by the vendee, or in case of default and rescission, the vendee or the subvendee has a lien upon the property for the amount paid, or rather for the amount which has been paid in excess of the amount which the vendor has a right to retain, or whether the vendee or subvendee in this class of cases has any special property in the article replevied.

Conceding, for the purpose of this case, that the forfeiture clause is or may be unconscionable, and that the courts will not enforce it, has the vendee a right to try that question in a proceeding to obtain a possession to which the contract gives the vendor an unqualified right? We think not. The remedy must be sought elsewhere. These contracts enable parties of small means, and without commercial credit, to procure needed articles, which they otherwise could not procure. Any determination which impairs the security which they afford will affect most injuriously the debtor class. Whatever interest the bailee may have before condition broken, that interest is subject to the right of the vendor to declare a rescision upon a breach or default, and, after such declaration, the bailee ceases to have any interest in the property. Whatever equities he may have after the rescission, or the property is retaken, arise, not by virtue of the contract, but because of its rescission. The title is in the vendor. The contract expressly and unqualifiedly gives him the right to retake the property upon condition broken. Is this right, by some importation into the contract, to be made subject to a settlement with the party in default? Who is to determine the question of the value of the vendee's equity? Who is to

say whether this second-hand machinery is worth more than the balance due? How are the expenses of a recovery of possession to be then determined? The result of such a rule as is contended for here would be to subject every vendor seeking to enforce a right to possession, expressly given by the contract, to the costs of that very proceeding. The practical effect of such a ruling would be to give to the party in default a lien upon the property for his payments; something which the parties did not contemplate, and which is inconsistent with a reservation of title. The security of the vendor having the title is not equal to that of a lienor under a chattel mortgage.

The attorney for Olney, Shields & Co. was present at the foreclosure sale, and on the trial gave testimony—

"Tending to show that, at the time the property described in said chattel mortgage was sold, one H. H. Skinner, whom the testimony on the trial shows was agent for plaintiffs, was present; that at that time said witness was acting as the attorney and agent of Olney, Shields & Co. in foreclosing said chattel mortgage; that said Skinner said nothing to him, and gave him no notice of the fact that Thirlby, Jackson & Co., or the plaintiffs in this suit, were the owners of the property in controversy; and that said witness had no knowledge at that time that said Skinner was agent for said plaintiffs."

The trial judge instructed the jury upon this point as follows:

"It is claimed on the part of the plaintiffs in this case that Olney, Shields & Co., through their attorney, did have notice of the rights of these parties, and it is denied on the part of the defendant that they did have this notice. But it is also claimed on the part of the defendant that the person who was sent by the plaintiffs in this case to forbid the sale upon the chattel mortgage said nothing about this property, and that they did not even know that he represented these parties. Now, even if that was true, that they did not know that he represented those parties, then his being there in the interest of these parties certainly would not mislead the persons who represented Olney, Shields & Co."

This instruction was correct. There can be no estoppel unless a party is misled to his prejudice by the conduct of the person against whom it is set up, and acts are done relying upon conduct calculated to mislead. *Gorham v. Arnold,* 22 Mich. 247; *Palmer v. Williams,* 24 Id. 328; *Crane v. Reeder,* 25 Id. 303; *De Mill v. Moffat,* 49 Id 125.

The judgment is affirmed, with costs to plaintiffs.

The other Justices concurred.