## NUTTALL *v.* BAKER
[No. 283, September Term, 1957.]

*Decided July 2, 1958.*

The cause was argued before BRUNE, C. J., and HENDER-
SON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Marvin H. Smith* for the appellant.

No brief and no appearance for the appellee.

PRESCOTT, J., delivered the opinion of the Court.

The appellant filed suit in the Circuit Court for Talbot
County to recover money claimed to be due him from the
appellee for sums theretofore paid to the appellee on account
of the purchase price of a certain tractor and trailer, for loss
of income by virtue of the repossession of said tractor and
trailer, and for damages for the alleged unlawful repossession
of said motor vehicle. The case was heard by the Court,
sitting without a jury. The trial judge decided that the ap-
pellant was in default when the motor vehicle was repos-
sessed, which made its repossession by the appellee lawful,
and that the appellant could not recover the payments made
by him upon the purchase price, and rendered a verdict in
favor of the appellee.

On or about February 11, 1956, the appellee verbally sold
to the appellant a tractor truck and trailer at an agreed price
of $8,165. This was reduced by agreement of the parties to
$7,165, as a result of an exchange in the trailer. By the
terms of the agreement of sale, the appellant was to haul
piling for the appellee and others; and 25% of the gross
revenue from such hauling (20% according to the appellant's

testimony) was agreed to be paid, weekly, to the appellee on account of the purchase price. Title to the truck was to be retained by the seller until the purchase price had been paid in full. Weekly payments in accordance with the terms of the agreement were made until about September 15, 1956, at which time the appellant had paid the sum of $1,619.33 upon the purchase price. The appellee, not receiving the weekly payments on the purchase price after September 15, 1956, repossessed the truck on October 24, 1956.

We think the evidence fully supports the finding of the trial judge that the appellant was in substantial default when the truck was repossessed; consequently, his ruling that the appellant was not entitled to damages for the loss of its use or repossession was correct.

As the purchase price of the motor vehicle was over $2,000, the Retail Installment Sales Act does not apply to the transaction here involved except as to finance and insurance charges, neither of which is involved herein. Code (1957), Article 83, sections 152 (a), 132; *Auto. Accept. Corp. v. Univer. Corp.*, 216 Md. 344, 354.

In the absence of contractual or statutory provisions, the authorities are not in agreement as to whether a conditional seller of goods must restore to the buyer the purchase money paid on a re-taking of the property on the buyer's default. 2A U. L. A., *Commentaries on Conditional Sales,* sec. 130; 3 *Williston, Sales* (Rev. Ed.), sec. 579c; 78 *C. J. S., Sales,* sec. 627a (1). Many states have held that the buyer, having broken his contract, forfeits his payments on the purchase price (and many of the cases hereafter cited made the same ruling though there was no provision in the contract calling for a forfeiture). See among the many cases so holding, *Morrison v. Veach* (Cal.), 213 P. 945; *Evans v. Kloeppel* (Fla.), 73 So. 180; *Latham v. Sumner,* 89 Ill. 233; *Thirlby v. Rainbow* (Mich.), 53 N. W. 159; *Peterson v. Chess* (Wash.), 159 P. 894. We think the decided weight of authority is to this effect. See 3 *Williston, Sales* (Rev. Ed.), p. 230, and the long line of decisions under note 13. In the case of *Pfeiffer v. Norman* (N. D.), 133 N. W. 97, the Court said: "To hold that by reason of his own default

the vendee can recover all his payments would work a revolution of business methods long established, and in the end result in untold hardships to vendors." The Supreme Court of California expressed the principle a little differently when it said "there is little equity, and certainly no sound policy, in allowing a buyer, under such circumstances, to be at pleasure quit of his contract, with no other liability than such as the law would have implied had there been no express contract at all." *Rayfield v. Van Meter* (Cal.), 52 P. 666.

On the other hand, apparently based on the rescission theory, some courts have held, in cases not affected by statutes, that the purchaser is entitled to a return of his payments, either in full, or subject to deductions for the value of the use of the goods, or for depreciation, or both. For a collection of the cases so holding, see 2A U. L. A., *op. cit.,* p. 183. In other decisions it is intimated that while the purchaser has no right at law to demand a recovery of his part payments, he may have equitable rights. *Richards v. Hellen* (Ia.), 133 N. W. 393; *Cutting v. Whittemore* (N.H.), 54 A. 1098; *Passow v. Emery* (Utah), 106 P. 935. Cf. *Lincoln v. Quynn,* 68 Md. 299, 306; *Quillen v. Kelley,* 216 Md. 396.

We see no sound reason for holding that the appellant is entitled to recover his part payments on the purchase price under the circumstances of this case. Such a holding would mean that the vendee in every similar conditional sales contract in existence in this State could simply default in his contract, and, if the seller repossessed, collect all of the payments made by him. Neither justice nor reason call for such a result. We agree with the majority rule that generally, in the absence of contractual or statutory provisions, a conditional vendee, after a repossession of the property due to his substantial default, has no right to recover payments made by him upon the purchase price. The appellant has offered no evidence to show why this general rule should not apply to his case, which, of course, means that he is not entitled to recover the payments made by him upon the purchase price.

We recognize that, under certain circumstances, there might arise a case where the doctrine of unjust enrichment

would be held to be available to a conditional vendee (cf. *Quillen v. Kelley, supra*) ; but, we do not reach the question in this case and leave it open.

*Judgment affirmed, with costs.*