## SAMPSON *v.* FIRST CREDIT CORPORATION

[No. 459, September Term, 1965.]

*Decided November 10, 1966.*

The cause was argued before HAMMOND, C. J., and MAR-BURY, OPPENHEIMER, BARNES and McWILLIAMS, JJ.

Submitted on brief by *Rolf A. Quisgard, Jr.,* and *Stanley Sollins* for the appellant.

No brief and no appearance for the appellee.

McWILLIAMS, J., delivered the opinion of the Court.

Maryland Rule 826 g [1] aims to reduce the bulk of transcripts and record extracts by allowing the parties, in certain circumstances, to supersede the pleadings and the evidence by filing with the clerk, subject to the trial court's approval, a statement of the case containing only what may be essential for the decision of this Court. The parties in the case at bar have undertaken to bypass even our scanty requirements. The statement appears only in appellant's brief (there is no appearance for appellee); it was not filed with the clerk; it was not ap-

---

1. "When the questions presented by an appeal can be determined by this Court without an examination of all the pleadings and evidence, the parties with the approval of the lower court may prepare and sign a statement of the case showing how the questions arose and were decided, and setting forth so much only of the facts alleged and proved, or sought to be proved, as is essential to a decision of such questions by this Court. Such statement, when filed with the clerk of the lower court shall be treated as superseding, for the purposes of the appeal, all parts of the record other than the judgment from which the appeal is taken and any opinion of the lower court, and, together with such judgment and opinion, shall be certified to this Court as the record on appeal."

proved by the court. However, since the decision of the trial judge must be affirmed we shall consider appellant's single contention but it must not be supposed that by doing so we condone such professionally unbecoming indifference to the Rules of Procedure. The "Agreed Statement of Facts" as it appears in the brief is as follows:

"In this case, the Appellant purchased on credit a new automobile under a form that met the requirements as set forth in the Retail Installment and Sales Act, Section 128 to 153, Article 83, Annotated Code of Maryland (1957 Edition), hereinafter called the Act. The cash price of the car was $2,900.00 to which was added the usual finance charges and the insurance. The seller of the car assigned the said contract and the balance due thereunder to the Appellee herein.

"Upon the failure of the Defendant to meet the required monthly payments as provided in said contract, the Appellee repossessed and sold the automobile and when applying the sale price plus the credit allowed for unearned finance charges and insurance against the unpaid balance, there remained a deficit for which this suit was filed to recover judgment.

"It is agreed and the evidence clearly shows that the notice sent to the Appellant after the Appellee repossessed the car did not conform with the notice required under Section 141c of the Act. It also clearly showed that the Defendant had not paid 50 per cent of the cash price of the car, and had not requested the Appellee to sell the car in any special manner as provided in Section 143a of the Act. The result is that if this sale came under the requirements of the said Act, then, because of the failure of compliance with Sections 141c and 143a of the Act, the Defendant would not be responsible for any deficiency.

"The Lower Court found that because the sale was in excess of $2,000.00, Sections 141c and 143a of the Act did not apply and rendered a deficiency judgment in favor of the Appellee in the amount of $676.94 with interest from the date and costs of the suit.

"It is from this judgment and finding that this appeal is taken."

Judge Sachse rejected appellant's contention that all of the provisions of the Retail Installment Sales Act are applicable to sales of motor vehicles without regard to the amount of the cash price. He held that since the sale price of the car purchased by appellant exceeded $2,000 [2] the transaction was covered by the statute *only* in respect of finance charges and insurance costs. He cited our holding in *Auto. Accept. Corp. v. Univer. Corp.*, 216 Md. 344, 354, 139 A. 2d 683 (1958), wherein Chief Judge Brune, for the Court, said:

"The Retail Installment Sales Act is applicable to conditional contracts of sale covering motor vehicles where the cash price is $2,000 or less; and insofar as finance charges and insurance costs are concerned, is now applicable to such contracts without regard to the cash price. (Acts of 1954, Ch. 80, adding Sec. 119A to Article 83 of the 1951 Code.)"

Four months later, in *Nuttall v. Baker*, 217 Md. 454, 456, 143 A. 2d 500 (1958), Judge Prescott (later Chief Judge), who spoke for the Court, said:

"As the purchase price of the motor vehicle was over $2,000, the Retail Installment Sales Act does not apply to the transaction here involved except as to finance and insurance charges, neither of which is involved herein, Code (1957), Article 83, sections 152 (a), 132; *Auto. Accept. Corp. v. Univer. Corp.*, 216 Md. 344, 354."

In the circumstances here present we see no reason for disturbing the holding of Judge Sachse.

*Judgment affirmed.*
*Costs to be paid by the appellant.*

---

2. Increased to $5,000 by Chap. 806 of the Laws of 1965. Code, Art. 83, § 152 (a) (1965 Repl. Vol.)