CARRIE E. TROUT v. WALTER G. RUMBLE.

*Husband and wife—Homestead.*

A wife deserted her husband while they were living upon a government homestead. He commenced a suit for divorce, and, under the impression that it had been granted, remarried. He continued to occupy the land as his homestead, and during such occupancy his second wife (so called) joined with him in its conveyance in exchange for another parcel, which he mortgaged before entering into possession, but after making preparations to build thereon. The mortgagee was ignorant of the invalidity of the second marriage. The first wife returned, and, on discovering his mistake as to having secured a divorce from

her, the husband ceased living with the second wife, but refused to allow the first wife to live with him, or to remain upon his premises. The mortgage was foreclosed by advertisement, and three days after the expiration of the redemption year the husband obtained a decree of divorce from his first wife, after which he sought to defeat the title acquired under the foreclosure, in an action of ejectment based thereon, on the ground that the land was his homestead when mortgaged, and that the mortgage was not signed by his first wife. The first wife died before the trial. And it is held that the homestead which the husband and wife had was that which they occupied *before* her alleged desertion, and that the court properly directed a verdict for the plaintiff[1].

Error to Tuscola. (Beach, J.) Argued June 26, 1890. Decided August 1, 1890.

Ejectment. Defendant brings error. Affirmed. The facts are stated in the opinion.

*William N. West* (*G. W. Davis* and *T. C. Quinn,* of counsel), for appellant, contended:

1. The possession of plaintiff and of defendant is alleged as of the same date in the declaration, which is not a compliance with the statute; citing How. Stat. § 7794.
2. The burden is on the plaintiff to show the regularity of the foreclosure proceedings. The sheriff's deed is not evidence of title without proof of the statutory notice; citing *Sinclair v. Learned,* 51 Mich. 335.
3. At the time the mortgage was executed the defendant was living temporarily in a house across the highway from the land in controversy, and was building a house on the land, and otherwise occupying it by cultivating the improved portion, with the intention of moving onto the land as soon as the house was completed. Under such circumstances he occupied the land as his home; citing *Reske v. Reske,* 51 Mich. 541; *Karn v. Nielson,* 59 Id. 380; and he could not have two homes at the same time; citing *Wheeler v. Smith,* 62 Id. 373.
4. Even if the sale of the land was void for want of the wife's signature, still the land was not defendant's homestead, he having permanently removed therefrom, and thus abandoned it as his home, which he had a right to do; citing *Showers v. Rob-*

---

[1] See *Stanton v. Hitchcock,* 64 Mich. 316.

*inson*, 43 Mich. 502; *Robinson v. Baker*, 47 Id. 622; and wherever the husband removes to and makes his home the wife is bound to go, and his home is lawfully hers; citing *Babbitt v. Babbitt*, 69 Ill. 277; Schoul. Dom. Rel. §§ 37, 38; and the defendant's wife acquiesced in such abandonment, and her home was lawfully in defendant's home, although he refused her the privilege of living there, and disowned her as his wife; citing *Sherrid v. Southwick*, 43 Mich. 515; and a homestead does not cease to be such because the wife does not live there; citing *Earll v. Earll*, 60 Mich. 30; *Armitage v. Toll*, 64 Id. 412.

5. The burden is on plaintiff to show that defendant's wife abandoned her home; citing *Beecher v. Baldy*, 7 Mich. 488.

*Robert Young*, for plaintiff.

CHAMPLIN, C. J. The plaintiff brought this action in ejectment in the Tuscola circuit court to recover the N. W. $\frac{1}{4}$ of the N. W. $\frac{1}{4}$ of section 2, township 11 N., range 10 E., Michigan, and the jury, under the directions of the court, rendered a verdict in her favor.

The plaintiff's title is derived through a mortgage executed by the defendant and Harriet Rumble, as his wife, on April 19, 1876, for $200, and which was foreclosed by advertisement September 9, 1882, and struck off to one Waterman for $315.68. Waterman conveyed the premises by warranty deed to Alexander A. Trout, the husband of the plaintiff, who claims the premises as his widow and devisee.

The testimony shows that in 1863 Rumble had been married to one Lauretta M. Crippen, and that there had been no divorce of these parties until September 12, 1883, hereinafter mentioned. It was claimed on the part of the plaintiff that Lauretta M. Rumble had deserted her husband in 1871, and at the time of the desertion she was living with her husband and two children on a piece of land he had obtained as a homestead from the United States government, and then occupied as such. During

the time he occupied this parcel of land as a homestead, and after his wife had deserted him, he commenced proceedings against her for a divorce, filing a bill alleging adultery, to which she answered. Replication was filed to the answer, and that was the last that was done in that suit; but he obtained the impression that he had procured a divorce from her, and in 1875, or thereabouts, and while still living upon this homestead which he had obtained from the government, he was married to one Harriet Green, and lived and cohabited with her as his wife, and they were so living together as husband and wife at the time the mortgage under which plaintiff claims title was executed. At the time this mortgage was given Rumble was not living upon the land covered by it, and the mortgagee had no information that Harriet Green was not his true and lawful wife.

It is claimed by the defendant that at the time the mortgage was executed, although he was not living upon the land covered by it, yet he was making preparations for building thereon, and had in fact exchanged his homestead which he had for this land; and it appears from the testimony that such exchange was made by a deed executed by himself and Harriet Rumble as his wife for the land in question. Harriet Green continued to live with him for one or two years, when his wife, Lauretta, came to the place, and made some threats of prosecution, which caused him to make some inquiry as to his relation with Harriet Green, and he concluded that it was not best longer to live with her as his wife; but he absolutely refused to permit Lauretta M. to live with him, or remain upon the premises. He continued to reside upon the premises with his two children, and in 1883, when they were of the age of seventeen and eighteen years respectively, he again commenced proceedings for a divorce from his wife, Lauretta M., on the ground

of desertion, and the decree was granted him, based upon his sworn bill. In this bill of complaint he stated that his wife, Lauretta, had deserted him in 1872, and had so continued until the time of filing his bill of complaint. The time for redemption from sale of the mortgaged premises expired on September 9, 1883, three days prior to his obtaining a decree dissolving the marriage between him and his wife, Lauretta. He now claims in defense of this action that the premises covered by the mortgage were a homestead at the time it was executed, and that, his wife, Lauretta, not having signed it, the same is absolutely void. The circuit court instructed the jury as follows:

"It appears that, at a time preceding the time when this mortgage was given, the defendant, Rumble, was in the possession and occupancy of another homestead; that at some time the first wife (as she is called in the case) had occupied that homestead with him. Now, if she had any homestead rights, they attached to that place, and they could not be divested, and this court cannot presume they were divested, except by some method pointed out by the law.

"If her rights attached to the first homestead, she certainly acquired no rights in the second homestead. It would leave the defendant in a position here of his asserting that the second homestead acquired was a homestead, and if that didn't suit his purpose he could still assert that the first homestead still remained a homestead. It is a sort of defense or claim by which the party could play fast and loose, as it happens to suit his purpose. It strikes me that upon all the testimony in this case it happens to suit the defendant just now to urge the claim against this particular piece of land. There are no equities in the claim whatever, nothing to appeal to the court, and it becomes a bare question of law. If defendant's wife had taken any benefit of the trade, she would be estopped undoubtedly; but she has never taken any benefit of it, and the strongest proof that we have on the matter is the divorce proceedings which were had in this court. * * * * It seems to me that the defendant cannot stultify himself in that way, but that the pro-

ceedings in the divorce case are practically a bar to his setting up a claim here that he had driven the wife away. .Upon the question of abandonment he has taken the benefit of her alleged desertion, and he cannot now be heard to assert to the contrary.    [Counsel here suggested to the court that the question of whether she had deserted defendant and his home or not was a question of fact for the jury.    Whereupon the court stated]:    I think the facts are so strong that the jury ought not to be disturbed with the question, and, gentlemen of the jury, you are directed to find a verdict for the plaintiff in this case, and you are discharged from the consideration of the case."

We think the learned circuit judge was correct in his charge.    There are no minor children to be protected. The testimony shows that not only is the husband divorced from his wife, but that before the trial of this case she had died, so that the case is barren of equities.

She has never asserted the homestead, and he asserts it for the purpose of avoiding the payment of an honest debt.    Under such circumstances we cannot make the claim of homestead exemption migratory, for the purpose of cheating and defrauding the mortgagee, who acted innocently in taking the mortgage security.    The homestead which the husband and wife had was undoubtedly that which they occupied and possessed before it was claimed that she deserted him.

The judgment of the circuit court is affirmed.

The other Justices concurred.