### Adam Couse v. Patrick Tregent and another.

One in possession of personal property of which he has made a conditional purchase, can not before the condition has been complied with sell the property so as to vest the title in a bona fide purchaser.

*Heard May 23d and 24th. Decided December 6th.*

COUSE *v.* TREGENT.

Case made after judgment from Wayne Circuit. The facts are stated in the opinion.

*Gray & O'Flynn*, *T. Romeyn* and *H. M. Cheever*, for defendants:

The *policy* of our statute laws requires that the rights and equities of third parties should be preferred and enforced as against secret transfers and liens. Our registry acts, and those requiring notices of suits pending to be filed, and all other legislation on this class of subjects, show this to be the policy of our law.

The adjudged cases and the rules laid down by elementary writers sustain this view.

Whatever may be the rule as to the rights of a creditor of the fraudulent holder and seller of the property, the rights of a *bona fide* purchaser, who has paid actual value for it, are to be preferred to those of the original owner, according to the weight of adjudged cases, and of established elementary principles. See 2 *Kent*, 653 (497); *Story on Sales*, § 313; *Hilliard on Sales*, § 95; 4 *Mass.* 405; 17 *Mass.* 606; 2 *Pick.* 512; 6 *Pick.* 78; 3 *Cush.* 259; 3 *Gray*, 550; 5 *Gray*, 306; 7 *Gray*, 155–158; 2 *Hall*, 345; 1 *Seld.* 42; 6 *Johns. Ch.* 437; 1 *Paige*, 315; 25 *Barb.* 474; 28 *Barb.* 217, 393; 8 *Cow.* 238; 15 *N. Y.* 411; 14 *S. & R.* 214; 1 *Barr*, 190; 5 *T. R.* 175.

*Wells & Hunt*, for plaintiff cited:

3 *Duer*, 20; 15 *N. Y.* 409; 2 *Hill*, 326; 4 *Mass.* 405; 2 *Pick.* 512; 17 *Mass.* 606; 3 *Cush.* 257; 7 *Gray*, 155; 23 *Geo.* 205; 12 *N. H.* 199; 8 *Vt.* 151; 20 *Vt.* 203; 3 *Gray*, 545; 2 *Gray*, 550; 5 *Gray*, 306; 5 *Gray*, 158; 8 *Gray*, 159; 13 *N. Y.* 126; 15 *B. Monr.* 555.

MARTIN CH. J.:

Couse sold to one Hamilton a piano forte, conditionally, or perhaps, to speak more correctly, agreed to sell it, and

gave into his possession the instrument upon an agreement, certified by Hamilton in writing, that the same was to remain the property of said Couse, and subject to his direction, until the full sum agreed to be paid by Hamilton therefor should be paid, when and not before it was to become the property of Hamilton, and that in case of the failure of Hamilton to pay therefor according to his agree-ment, then he should pay interest on all amounts not paid, &c. Hamilton subsequently sold this property to Tregent, and from his possession it was replevied by Couse, he claiming to be its owner. Tregent bought in good faith, and without knowledge of Couse's rights or claim. The question submitted is, whose property is the piano forte? The sale and delivery by Couse to Hamilton were both conditional, and Couse can not, as between himself and Hamilton, be said to have parted with the title, and the possession of Hamilton was determinable at the plea-sure of Couse from the moment of delivery until payment. By this delivery Couse did not give to Hamilton the ostensible ownership any more than the lender or hirer of chattels gives it to the person to whom he lends or hires them. The possession of goods, although *prima facie* evidence of ownership, is not such proof of it as to confer any equities upon third parties against the actual owner's title, unless fraud exists.

The right of the owner of chattels to sell the same conditionally is as old as the right to loan them; and I can not perceive how the possession by the conditional purchaser is any more a means of defrauding parties than that of the bailee of goods for hire. So long as the condition is not waived and remains unperformed, the property does not vest in the purchaser, and all the authorities cited by counsel upon both sides concur in this right to sell upon condition, and to retain the absolute title until condition performed. The principal question which has engaged the attention of courts is that of a waiver; for if

the condition be waived the property passes with delivery.

While I do not understand the counsel for the defendant to deny this right as a settled principle of law, it is contended that the policy of our statutes, as indicated by our registry laws and those respecting chattel mortgages, requires that the rights and equities of third parties should be protected and enforced as against those of the vendor. What right has a purchaser of chattels from a conditional purchaser, as against the absolute owner, that he would not have if the purchase were from a bailee? The possession is the same, and the ownership the same substantially; certainly the same opportunity for the perpetration of fraud exists in the one case as in the other. In the case of a mortgage of goods, the statute only requires the filing of a copy of the mortgage in the clerk's office in cases where the mortgagor retains possession of the property, but not where possession is given to the mortgagee; yet the mortgagee in possession has the same opportunity to defraud third parties that a conditional purchaser has, for his title is not absolute. Although the same evils may result in this class of cases as in those of chattel mortgages before the statute, yet if so, it is a subject for legislative and not judicial action.

We think, therefore, that Couse never parted with the property in the piano forte, and that Tregent acquired no title to it by his purchase from Hamilton.

The judgment of the Circuit Court is affirmed, with costs.

The other Justices concurred.