F. J. DEWES BREWERY COMPANY (A FOREIGN CORPORATION) v. EDWARD H. MERRITT.

*Conditional sales.*

1. A contract by which a brewing company agrees to ship to a firm all beer ordered by them at an agreed price per barrel, the title to remain in the company until the beer is sold, and by which the firm agree to take and pay for the beer on the conditions named, is valid as to creditors of the firm, and creates a mere agency, under which the firm are to take and sell the beer, and pay over from the proceeds the agreed price per barrel.

2. This Court has gone very far in sustaining conditional sales, and has never declared them void, or different from what the parties have intended by their agreement; citing *Couse v. Tregent*, 11 Mich. 65; *Dunlap v. Gleason*, 16 Id. 158; *Preston v. Whitney*, 23 Id. 260; *Johnston v. Whittemore*, 27 Id. 463; *Whitney v. McConnell*, 29 Id. 12; *Smith v. Lozo*, 42 Id. 6; *Manufacturing Co. v. Jeffery*, 49 Id. 283; *Edwards v. Symons*, 65 Id. 348; *Kendrick v. Beard*, 81 Id. 182.

Error to Mecosta. (Palmer, J.) Submitted on briefs June 25, 1890. Decided August 1, 1890.

Replevin. Plaintiff brings error. Reversed. The facts are stated in the opinion.

*F. A. Mann*, for appellant.

*C. C. Fuller*, for defendant.

CHAMPLIN, C. J. On December 18, 1888, the F. J. Dewes Brewery Company and Lentz Bros. entered into the following agreement:

"BIG RAPIDS, MICH., Dec. 18, 1888.

"It is hereby agreed by and between the F. J. Dewes Brewing Company of Chicago, Illinois, and Lentz Brothers, of the city of Big Rapids, Michigan,—

"1. That the F. J. Dewes Brewing Company agree to ship to Lentz Brothers all beer ordered by them at the following price, $5.75 per barrel, f. o. b., at Big Rapids, and that the right, title, and interest of said beer is to remain and rest in the F. J. Dewes Brewing Company until sold; and we, the said Lentz Brothers, agree to take the said beer, and pay for the same, on above conditions. Signed in duplicate.

"F. J. DEWES BREWERY COMPANY,
"per ADOLPH BOUNDY, Agt.
"LENTZ BROTHERS."

The F. J. Dewes Brewery Company, under the above contract, sent to Lentz Bros. two car-loads of beer, which was received by them at Big Rapids. After they had sold about one and one-half car-loads, the balance was levied

upon by the defendant, as sheriff of the county of Mecosta, and was taken away by him upon an execution in his hands, issued upon a valid judgment in favor of a creditor of Joseph Lentz, one of the members of the firm of Lentz Bros., as his property. The circuit judge instructed the jury that, under the terms of the foregoing agreement, the absolute title to the beer passed at once to Lentz Bros., and was subject to levy and sale upon an execution in favor of the creditors of Lentz Bros., or either of them, and directed a verdict for the defendant.

This ruling raises the only question for our consideration. The writing contains an express condition that the right, title, and interest of the property ordered was to remain and rest in the F. J. Dewes Brewery Company until sold.

The learned judge was of opinion that this condition enabled Lentz Bros. immediately to sell the beer, and convey a good title, divested of any interest of the brewery company, and that the company could not follow the property into the hands of purchasers; that there was a plain understanding contained in the instrument that Lentz Bros. should be permitted to sell, and the fact of sale terminated the condition. The court further considered that, if the contract could be upheld, it would simply put it in the power of Lentz Bros. to do an extensive business, apparently on their own account, thus giving to them a false credit, to which they were not entitled in dealing with others.

There is no testimony before us showing how the credit arose in this case, nor when the indebtedness accrued. It evidently was not a credit which the firm had acquired by dealing in this way with the brewery company, for it appears as an indebtedness against one of the brothers only, and not the firm. Now, the contract was one

which it was competent for the parties to make, unless it was void as being against public policy. The brewery company had a right to say,—

"We will fill your order for beer, which you may sell as you choose, but the title shall remain in us until you do sell, and then the title will pass to the purchaser, in which case we will trust to your personal responsibility to pay us, at the rate of $5.75 a barrel."

The effect of such contract was that the property not sold remained the property of the company, and the firm owed them for all they had sold. What different is this from a sale of goods upon commission? The factor solicits goods to be sold on commission. The consignor says:

"I will ship you all goods you may order, but you must sell so as to net me so much a bushel or barrel or yard."

Until sold by the factor the goods remain the property of the consignor, and are not subject to seizure at the suit of the commission merchant's creditors. The public are not defrauded in the one case more than in the other. As in the case of other agents, persons dealing with them must ascertain the extent of their authority at their peril. *Wright v. Solomon,* 19 Cal. 64. They could not, any more than a factor who has possession of the goods and sells them in his own name, pledge the beer for their own debt. *Newsom v. Thornton,* 6 East, 17; *Rice v. Cutler,* 17 Wis. 351; *Hirschorn v. Canney,* 98 Mass. 149. There is nothing illegal, immoral, or corrupt in the contract. In effect, it creates a mere agency, in which Lentz Bros. are to take the beer, sell it, and pay over the proceeds to the amount of $5.75 a barrel. They find their remuneration, if at all, in what they can sell it for above that price.

This Court has gone very far in sustaining conditional

sales, and has never declared them void, or different from what the parties have intended by their agreement. *Couse v. Tregent,* 11 Mich. 65; *Dunlap v. Gleason,* 16 Id. 158; *Preston v. Whitney,* 23 Id. 260; *Johnston v. Whittemore,* 27 Id. 463; *Whitney v. McConnell,* 29 Id. 12; *Smith v. Lozo,* 42 Id. 6 (3 N. W. Rep. 227); *Marquette Manufacturing Co. v. Jeffery,* 49 Id. 283 (13 N. W. Rep. 592); *Edwards v. Symons,* 65 Id 348 (32 N. W. Rep. 796); *Kendrick v. Beard,* 81 Id. 182 (45 N. W. Rep. 837).

The authorities cited above show the principles upon which this Court has proceeded in upholding such contracts, and it is unnecessary to restate them here, or to review the decisions of other courts holding a different view.

The judgment is reversed, and a new trial ordered.

MORSE, CAHILL, and LONG, JJ., concurred. GRANT, J., did not sit.