HORACE PRATT ET AL. v. DANIEL BURHANS.

*Sale—Retention of title—Fraudulent representations—Evidence— Assignments of error.*

1. A contract by which the title to goods is to remain in the owner until they are paid for, or sold in the due course of trade, by the person to whom they are delivered, is valid, and such purchasers take a good title, and those who do not purchase in the due course of trade cannot rely upon the bare possession of their vendor as conclusive evidence of title.

2. Evidence in a replevin suit for goods the title to which the plaintiff claims to have retained until paid for, or sold in due course of trade, of alleged false representations as to the financial standing of the person to whom the goods were delivered, but which the plaintiff testifies he did not rely upon in making such delivery, is immaterial, and should be stricken out on motion of defendant's attorneys.

3. An assignment of error that the judge erred in giving that portion of his charge commencing, "I give you these requests on the part of the plaintiffs," and ending with, "I give you these requests on the part of the defendant," is too general, where twelve requests are involved, the most of which were correct propositions of law.

Error to Shiawassee. (Newton, J.) Argued January 8, 1891. Decided February 6, 1891.

Replevin. Defendant brings error. Reversed. The facts are stated in the opinion.

*Watson & Chapman,* for appellant.

*Lyon & Hackleman,* for plaintiffs.

GRANT, J. Plaintiffs were partners in business in Binghamton, N. Y., under the firm name of the Binghampton Cigar Company. In November, 1889, Mr. Imhoff, one of the plaintiffs, went to Owosso, Mich., and entered

into an arrangement with the Owosso Cigar Company, a copartnership composed of a Mr. Chase and a Mr. Totten, by which they agreed to send and deliver to them cigars. Mr. Imhoff testifies that plaintiffs agreed to furnish Chase and Totten all the goods they wanted; the title thereto to be retained in plaintiffs until paid for or sold, and, when sold, the accounts to belong to them. This was denied by defendant's witnesses.

The defendant, Burhans, had indorsed for Chase and Totten for about $6,000. Plaintiffs shipped goods to Chase and Totten, and, shortly after, they turned over all their stock, including the goods furnished by plaintiffs, to defendant, Burhans, and gave him a bill of sale thereof, which defendant claims was a *bona fide* purchase in consideration of his indorsements. Defendant took possession of the goods. Plaintiffs demanded of him possession of the goods then in the stock, and which they had furnished to Chase and Totten. Defendant refused possession, and thereupon plaintiffs brought this suit in replevin, and recovered possession. The trial resulted in a verdict and judgment for plaintiffs.

The case was submitted to the jury upon two theories:

1. That plaintiffs had not parted with the title to the goods, that they were not sold to defendant in the due course of trade, and they were entitled to recover possession.

2. That Chase and Totten made false and fraudulent representations to plaintiffs as to their financial standing, and that therefore plaintiffs might rescind the sale and recover the goods.

It is impossible to tell from the record upon which theory the verdict was rendered. It is very doubtful whether the representations alleged to have been made were in fact or in law fraudulent; but it is unnecessary to determine that question. All the evidence in regard to such representations, or the financial condition of the

firm, was immaterial. Mr. Imhoff, who made the arrangement on behalf of plaintiffs, testified that he—

"Did not rely upon these representations, but upon his contract; that it was immaterial to plaintiffs what their financial condition was; that the statement made by Chase to him that they could clean up $3,000 to $3,500 did not deceive him, and that he did not rely upon it."

The court therefore erred in not striking out all evidence of these representations upon motion of the defendant's attorneys. That plaintiffs did not rely upon these alleged representations is evident from the further fact that, when Mr. Imhoff demanded the goods of defendant, he only claimed them under the contract. It is therefore unnecessary to discuss separately any of the 43 assignments of error.

It is, however, proper to note that the assignment of error upon the charge of the judge is too general. It is that the judge erred in giving that portion of his charge to the jury commencing, "I give you these requests on the part of the plaintiffs," and ending with, "I give you these requests on the part of the defendant." This involved 12 requests of the plaintiffs, the most of which were correct propositions of law.

The sole issue for the jury was whether or not the plaintiffs and Totten and Chase made a contract by which the title of the goods was to remain in the plaintiffs until they were paid for, or sold in the due course of trade. The defendant did not buy them in the due course of trade; and therefore, if such a contract was made, the plaintiffs were entitled to recover. Such a contract is valid under the repeated decisions of this Court, and we are not concerned with the decisions of other courts upon the subject.[1] Those who purchased in

---

[1] See *Dewes Brewery Co. v. Merritt*, 82 Mich. 202, and cases there cited.

the usual course of trade would take a good title. Those who did not purchase in the usual course of trade could not rely upon the bare possession of their vendor as conclusive evidence of title.

The judgment must be reversed, and a new trial ordered.

The other Justices concurred.