In re HARRIS & BACHERIG.

(District Court, M. D. Tennessee, Nashville Division.   December 1, 1913.)

No. 3237.

1. SALES (§ 8*)—CONSTRUCTION OF CONTRACT—SALE OR BAILMENT—CONSIGN-
MENT FOR SALE.

  Where a contract under which goods are consigned by the owner to
another for sale is ambiguous or uncertain, as title to the goods was orig-
inally in the consignor, it should not be held to have passed from him
unless an intention that it should so pass can be discovered either by
express provision or by necessary inference from the terms of the agree-
ment.

  [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 18, 19; Dec. Dig.
§ 8.*]

2. SALES (§ 8*)—CHARACTER OF CONTRACT—BAILMENT OR SALE.

  Where a contract under which goods were consigned to a bankrupt for
sale expressly reserved title in the consignor with the right to take pos-
session of any unsold goods and merely gave it an option upon a breach
of the contract by the bankrupt to require him to pay for the unsold
goods, which option was not exercised, the contract was one of bailment
and not of conditional sale.

  [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 18, 19; Dec. Dig.
§ 8.*]

In Bankruptcy.   In the matter of Harris & Bacherig, bankrupts.   On
review of order of referee.   Order confirmed.

Petition by the trustee in bankruptcy for the review of an order of
the referee sustaining the intervening petition of William Henne &
Co. for the reclamation of certain merchandise which came into the
possession of the trustee that had been delivered to the bankrupt by
the said petitioner under a written contract claimed by it to constitute
merely a consignment or bailment for sale, and adjudging the said
petitioner to be entitled to the possession of said merchandise.

Louis Leftwick, of Nashville, Tenn., for trustee.

Percy D. Maddin, of Nashville, Tenn., for Henne & Co., reclaiming
merchants.

SANFORD, District Judge.   [1] In the contract in question, under
which the shoes were furnished by Henne & Co. to the bankrupt, the
parties are termed consignors and consignees, respectively, and it is
expressly provided that the title to the goods shall remain in the con-
signors at all times.   The contract therefore cannot upon its face be
held to be a conditional sale rather than a bailment for sale, unless the
legal effect of its provisions is to render it in fact a sale, regardless of
the declared intention of the parties that it should only constitute a
consignment, with retention of title in the consignors.   And if the
agreement be uncertain and ambiguous, as title to the goods was origi-
nally in the consignors, it should not be held to have passed from them,
unless an intention that it should so pass can be discovered, either ex-
pressly or by necessary inference, from the terms of the agreement.
Schenck v. Saunders, 13 Gray (Mass.) 37, 40;  In re Smith & Nixon
Co. (8th Cir.) 149 Fed. 111, 112, 79 C. C. A. 53.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**[2]** The contract further specifically provided that, if proceedings in bankruptcy should be filed against the consignees, the consignors should have the right to immediately take possession of all unsold goods, and the consignees should pack and return them to the consignors' factory.

In Re Tice (D. C.) 139 Fed. 52, it was said:

"There have been so many refinements and distinctions, as well as conflicting, if not contradictory, deliverances, that it is not always easy to determine whether any given transaction is, on the one hand, a conditional sale, or, on the other, a bailment."

Without therefore attempting to analyze or distinguish the various cases cited, it is sufficient to say that I find no clause in the contract which could have the effect of converting the contract from one of bailment to one of sale, unless it should be the thirteenth, which contains the following provisions:

"If either party shall fail or refuse to perform any part of this contract, the other party shall have the right thereupon to terminate the same; and upon the termination thereof the consignors shall be entitled immediately to take possession of all goods on hand unsold. The consignor has the right to decide whether they want to take back the merchandise not paid for at that time, or whether the consignee should pay for the merchandise at once either with check of six (6) notes of equal denomination with interest at 6 per cent. per annum payable the first of each month following until the full amount is paid."

The trustee insists that the option given the consignors, on default by the consignees, to either retake the unsold goods or to require the consignees to pay for the same, necessarily had the effect of making the transaction a sale rather than a bailment.

It is to be observed, in the first place, that there was no absolute agreement on the part of the consignees to pay for the unsold goods, but merely a conditional agreement dependent upon three things: first, that the consignees should fail or refuse to perform any part of the contract; second, that the consignors should terminate the contract; and, third, that the consignors should exercise its option and require the consignees to pay for the unsold goods. In other words, as I construe the contract, it is essentially and primarily a consignment contract providing for the return of unsold goods, with an option, however, given to the consignors to turn it into a contract of sale upon the happening of certain conditions. This option, however, was never exercised by the consignors.

The question which is presented is one that would clearly be one of local law, if there were any express decision of the Tennessee Supreme Court, construing such contract. Mishawaka Co. v. Westveer (6th Cir.) 191 Fed. 465, 112 C. C. A. 109; 1 Lovel. Bankruptcy (4th Ed.) 835, and cases cited in note 8. The case of Arbuckle v. Kirkpatrick, 98 Tenn. 221, 39 S. W. 3, 36 L. R. A. 285, 60 Am. St. Rep. 854, which is relied on by the trustee, is not, however, in my opinion, in point upon the precise question now presented, since in the contract there construed there was an express agreement by which the consignee was required to pay for the goods at a fixed price within sixty days, whether the goods were sold or not, and there was no provision authorizing the consignor

to require the return of the goods. And see, in close analogy, Parlett v. Blake (8th Cir.) 188 Fed. 200, 110 C. C. A. 72, 39 L. R. A. (N. S.) 620. The case, however, in which the consignor reserves no right to demand the return of the goods, and the consignee expressly agrees to pay for goods unsold at the end of a definite period, is obviously entirely different from the case now presented, in which the consignors expressly retained title to the goods with the right to demand the return of the same, supplemented by an option on their part, in case of the consignees' breach of contract, to require, in the alternative, payment for the unsold goods. In Re Rabenau (D. C.) 118 Fed. 471, it was held that a contract closely analogous, if not entirely similar, in all essential respects to the present contract, in which the consignee agreed at a fixed time to pay for unsold goods, at the option of the consignor, constituted a conditional sale and not a bailment. On the other hand, in the later case of In re Galt (7th Cir.) 120 Fed. 64, 56 C. C. A. 470, which was followed by the referee, it was held that an essentially identical contract constituted a bailment on consignment and not a conditional sale. In this case the Circuit Court of Appeals said:

"The distinction between bailment and sale is not difficult of ascertainment, if due regard be had to the elements peculiar to each. In bailment the identical thing delivered is to be restored. In a sale there is an agreement, express or implied, to pay money or its equivalent for the thing delivered, and there is no obligation to return. Sturm v. Boker, 150 U. S. 312, 14 Sup. Ct. 99, 37 L. Ed. 1093; Union Stockyards & Transit Co. v. Western Land & Cattle Co., 7 C. C. A. 660, 59 Fed. 49. The bailee may, however, by contract, enlarge his common-law liability without converting the bailment into a sale. The real intent of the contracting parties must be ascertained from all the provisions in the agreement which express the contract, bearing in mind always that in a bailment the bailor may require the restoration of the thing bailed, and in a sale, whether absolute or conditional, there must be an agreement, express or implied, to pay the purchase price of the thing sold. The test would seem to be: Has the sender the right to compel a return of the thing sent, or has the receiver the option to pay for the thing in money? * * * Applying to this contract the test stated, it is clear that here was a bailment, and not a conditional sale. * * * This was a del credere condition, and not a sale. The company could compel a return of the goods not sold. Galt had not the option to pay for them in money. Even with respect to the goods unsold within the 12 months, the option for their return or payment was with the company, and not with Galt; and nowhere in the agreement does the latter covenant to pay for these goods as in the case of a sale. * * * The case is like to that of Lenz v. Harrison, 148 Ill. 598, 36 N. E. 567, where an agreement similar to the one in hand was held to be a bailment, and not a sale. The clause in the contract giving an option to the company to require Galt to give his note, or to pay in cash, or to store, subject to the order of the company, the goods not sold within 12 months, is probably the strongest clause in the contract to indicate a sale; but, as suggested by the Supreme Court of Illinois in Lenz v. Harrison, supra, while it might have such force considered alone, taking it with the whole contract, it was seemingly incorporated to compel the agent promptly to sell, and report sales within the time stated. * * * Such construction accords with the decisions elsewhere upon like contracts. Williams Mower & Reaper Co. v. Raynor, 38 Wis. 119; State v. Leicham, 41 Wis. 565, 568; Manufacturing Co. v. Jones, 96 Wis. 619, 624, 72 N. W. 44; Walker v. Butterick, 105 Mass. 237."

This decision in the Galt Case finds strong support, by analogy, in the well-settled line of cases involving the distinction between bailment with an option in the bailee to purchase, in which it is held that

title does not pass until the option is determined, and a sale with an option in the purchaser to return the goods, in which it is held that the title passes at once, subject to the purchaser's right to rescind and return. Sturm v. Boker, 150 U. S. 328, 329, 14 Sup. Ct. 99, 37 L. Ed. 1093; Hunt v. Wyman, 100 Mass. 198, 200; 1 Lovel. Bank'cy. (4th Ed.) 835, and cases cited in notes 5, 6. In other words, these cases proceed upon the principle that where the title is vested, subject to defeasance by right of return in the purchaser, this is a conditional sale vesting title at once; but, where the property is merely delivered with a right in the bailee to subsequently purchase, the title is not vested until this option is exercised. So, in the present case, I am constrained to conclude that the decision in the Galt Case is based upon sounder reasoning than that in the Rabenau Case, independently of the greater weight attaching to this decision as that of a Circuit Court of Appeals, and that where, as in the present case, the consignment contract expressly reserves title in the consignor, with the right to demand the return of the unsold goods, and merely gives him an option, upon the happening of certain conditions, to change the contract into one of sale as to the unsold goods, the contract remains until this option is exercised by the consignor one of consignment merely and not of sale.

I furthermore find nothing in the course of dealing between the parties, showing a practical construction of the contract as a conditional sale rather than a bailment, or a waiver of the consignors' title and right to demand the return of the unsold goods.

An order will accordingly be entered confirming the order of the referee, and dismissing the trustee's petition to review. The costs incident to the petition to review will be paid out of the general bankruptcy estate.