### SMITH v. CARUKIN.

### In re HENDRICKSEN.

(Circuit Court of Appeals, Sixth Circuit. May 6, 1919.)

No. 3244.

1. SALES ⊕474(2)—CONDITIONAL SALES—VALIDITY AS AGAINST CREDITORS.

Although a chattel mortgage in Michigan is invalid as against certain creditors, unless recorded, a conditional contract of sale, which reserves title to the vendor, is valid at the suit of the vendor, even as against similar creditors.

2. BANKRUPTCY ⊕184(2)—CONDITIONAL SALE—APPLICATION OF RECORDING STATUTE.

In view of the contract, whereby petitioner had sold a motor truck to a bankrupt, which required petitioner's written consent to any resale that might be made by the bankrupt, Acts Mich. 1915, No. 64, providing that, where the property sold is intended for resale by the contract vendee, the instrument must be recorded like a chattel mortgage to protect the vendor, *held* not to apply to the case.

3. BANKRUPTCY ⊕184(2)—CONDITIONAL SALE—CHARACTER AS SUCH AND NOT AS MORTGAGE.

Contract for sale of motor truck to a bankrupt providing for payment in installments, and that title should remain in the seller as his equity appeared from time to time sufficient to secure him, etc., *held* not a passing of title with a reserved lien (that is, a chattel mortgage), so that the instrument required recording under the Michigan rule to protect the seller against the bankrupt's trustee.

4. BANKRUPTCY ⊕363—FILING OF CLAIM—RECLAMATION PETITION—ELECTION.

Conditional seller of motor truck to bankrupt, by filing general claim against the bankrupt for the purchase price named in the contract, the indebtedness being claimed only if the seller's petition to reclaim the motor truck failed, *held* not to have elected his remedy as against the general assets of the estate.

Appeal from the District Court of the United States for the Southern Division of the Western District of Michigan; Clarence W. Sessions, Judge.

---

⊕For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Petition by James W. Carukin against Edward L. Smith, trustee in bankruptcy of Julius F. Hendricksen, for reclamation of a motor truck. From an order granting the petition, the trustee appeals. Affirmed.

Albert R. Dilley, of Grand Rapids, Mich., for appellant.
Elvin Swarthout, of Grand Rapids, Mich., for appellee.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

DENISON, Circuit Judge. Carukin filed a petition with the referee in bankruptcy seeking reclamation of a motor truck which Carukin had owned and which he had turned over to the bankrupt, under a contract of sale which purported to reserve the title until the price was paid. The referee held that the attempted reservation of title was invalid; on petition to review, the District Judge reached the contrary conclusion and granted the petition, and the trustee appeals.

The written instrument involved is more or less informal. It is given in the margin.[1] Hendricksen, the bankrupt, was doing business under the name "Acme Service Co." The relations between the parties were somewhat close; Carukin depended upon the bankrupt to do what was right for the interest of both; and this document was written by the bankrupt and presented by him to Carukin, and by the latter signed without outside advice and apparently without close attention.

[1] A chattel mortgage, in Michigan, has long been invalid as against certain creditors, unless it was recorded; while a conditional contract of sale which reserved the title to the vendor has been held valid at the suit of the vendor, even as against similar creditors. The Michigan decisions on this subject are recited and discussed in our opinions in Mishawaka Co. v. Westveer, 191 Fed. 465, 112 C. C. A. 109; Deere Co. v. Mowry, 222 Fed. 1, 137 C. C. A. 539; Wood Co. v. Croll, 231 Fed. 679, 145 C. C. A. 565. Some further and more recent decisions of the Supreme Court of Michigan are hereafter noted.

These decisions may be summarized as drawing the distinction, regardless of the precise form or words of the contract which purports·

---

[1] This is to witness that the Acme Service Company has received from James W. Carukin, one Stegeman two-ton motor truck (No. 1565) for which it agrees to pay seventeen hundred and seventy-five dollars ($1,775), as follows:

Five hundred dollars ($500) on July 5th and the remaining $1,275 in monthly payments of about one hundred dollars ($100) until fully paid. These monthly payments to begin about August 20th, 1917, and interest at the rate of six per cent. (6%) per annum to be computed and paid monthly.

Title to remain in James W. Carukin, as his equity appears from time to time, sufficient to secure him for amount unpaid at such times.

Acme Service Company to keep said truck insured against fire and covered by property damage insurance to secure said James W. Carukin.

Acme Service Company further agrees not to sell, transfer or assign this contract without the written consent of said James W. Carukin.

Dated at Grand Rapids, Mich., July 5th, 1917.

Acme Service Company,
Julius Hendricksen.
James W. Carukin.

to reserve title, between one which passes title to the vendee and reserves or passes back a lien for the unpaid price and one which is truly executory as to the passing of title and declares conditions until the performance of which the title never passes. They all recognize the distinction just noted; but there has been difficulty—perhaps confusion —in the application of this distinction to the varying facts of many cases. Much of the difficulty which this court has experienced, and, we think the same may be said as to the decisions of the Michigan Supreme Court, has arisen because it was attempted to apply the form of a contract of sale with reservation of title to a transfer of ordinary merchandise to a merchant for the purpose of being resold by him and with the understanding that his vendee would get a good title. Each one of the above-cited decisions of this court and many of those in Michigan involve this situation and present this difficulty. Whatever was said in these cases by that court or by this was with reference to problems developed by this anomaly, and we are not inclined to extend unnecessarily their application to cases not involving that situation.

[2] A recent Michigan statute (Act 64 of 1915) has largely settled this particular difficulty by providing that in certain classes of sales (of which this may be one), where the property is intended for resale by the contract vendee, the instrument must be recorded like a chattel mortgage, and the name by which it should be called therefore becomes immaterial. If this statute applies to the present case, the result reached by the District Judge was wrong and the underlying question would need no attention. We therefore first consider the applicability of this statute. Was this motor truck intended for resale?

The statute does not, in so many words, limit itself to cases of resale by the vendee; but if it is clear that the only resale contemplated was to be one with the specific consent of the vendor—that is, one made jointly by the contract vendor and the contract vendee—the spirit and purpose of the statute would not be involved, and it should not be so construed to affect such a transaction.

Undoubtedly, both parties contemplated that this motor truck might be resold; that is admitted by Carukin; but, as we read the contract, it expressly provides that the resale can be made only with Carukin's written consent. Such a resale as was in contemplation would necessarily be of one of two classes: It might be for enough cash so that the bankrupt could simultaneously pay Carukin in full, and Carukin would have no further interest in the terms or conditions; or it might be on such terms that some or all of the unpaid purchase price would become a debt from the new purchaser to, or for the benefit of, Carukin. The express provision was that "this contract shall not be assigned" without Carukin's consent. The trustee claims that this contract provision relates to the second class just mentioned, but not to the first. To assume that it does not reach the first as well, is to beg the question. If, indeed, title is reserved in Carukin, then the bankrupt cannot pass title to any purchaser except by assignment of this very contract. No matter if the whole price were planned to be paid in cash, it is obvious that if anything obstructed the completion of the deal, the

new purchaser would be entitled to the property only because he had become, however informally, the assignee of the bankrupt's interest under this contract. It follows that the requirement of Carukin's written consent reached any sale that might be made. We are therefore satisfied that the statute does not apply.

[3] Coming back to the underlying question: It is sought to classify the transaction as a passing of title and a reserved lien, because the title was to remain in Carukin "as his equity appears from time to time, sufficient to secure him for the amount unpaid at such times." It is said that this demonstrates the dominant thought to be to secure Carukin for his debt, thus constituting it really a mortgage. It clearly has a tendency in this direction; but the mere use of the words "equity" and "secure" cannot control. In the plainest and clearest case of a mere executory contract of sale with installment payments, the equitable interest of the vendor is only that he shall get his money, and it is natural to speak of this interest as "his equity"; and, in a very common and fair sense, the reservation of title is, in the same case, for the purpose of "securing" payment of the purchase price. On the other hand, this instrument lacks entirely these elements which are most essential as matter of form to make it a conveyance of title with a mortgage back or reserved lien. There are no words of conveyance; there was no bill of sale; there was no invoice or other customary incident of transferring title; and there were no promissory notes creating an apparently independent obligation to pay. If the clause reserving title in the vendor had been entirely omitted, the document would still have been, in form, a mere executory contract of purchase. Nor is any way provided for getting the benefit of the security and preserving the balance of the obligation—as would be appropriate to a mortgage. The paper seems to contemplate no remedy for the vendor, excepting that reclamation which, without mention, appertains by law to a reservation of title; and this tends to show that the title did not pass.

Upon the whole, when we come to classify the instrument as a conditional sale or as the reservation of a lien, we consider it ambiguous, and when we take into account the aggregate of the contract provisions and also all the conduct and relations of the parties which the record discloses, and observe the question in the light of the rule that ambiguities will be solved against that party who was relied upon to, and who did, select the language of the contract, we conclude that the judgment of the District Court was right, that the instrument was not of the class requiring record, and that Carukin's title is superior to the trustee's.[2]

[4] It is also urged that, because the petitioner has filed a general claim against the bankrupt for the purchase price named in this contract, reclamation should not be permitted. Of course, the filing of such a claim would sometimes be an election which would bind the petitioner; but here there was a careful disclaimer of any such re-

[2] See, and compare, Atkinson v. Japink, 186 Mich. 335, 152 N. W. 1079; Mishawaka Co. v. Stanton, 188 Mich. 237, 154 N. W. 48, L. R. A. 1917B, 651; Luce v. Stott, 201 Mich. 587, 167 N. W. 869; Young v. Phillips, 202 Mich. 480, 168 N. W. 549; Id., 203 Mich. 566, 169 N. W. 822.

sult. The proof of claim, which named several different debts besides this one, was in this language:

"There is due affiant $1,125, and interest from July 5, 1917, the unpaid purchase price of another Stegeman truck, the title to which is in affiant. See his petition relative to it, filed with the referee herein, on January 24, 1918, on which affiant relies."

The proof of debt and reclamation petition must therefore be considered together, and the reasonable construction is that the indebtedness is claimed only in case the petition fails.

The order of the District Court is affirmed.