ERNEST E. LLOYD, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 24414.   Promulgated October 28, 1927.

Amount expended by petitioner in an unsuccessful effort to secure a secret formula for the corporation of which he was president, under an agreement whereby he was to be reimbursed if the venture was successful, *held* deductible as a loss.

*A. E. James, Esq.*, for the petitioner.
*H. D. Thomas, Esq.*, for the respondent.

The Commissioner has determined a deficiency in income tax for the year 1922 in the amount of $1,422.06.   The case was submitted on the pleadings.

FINDINGS OF FACT.

Petitioner is president of the E. E. Lloyd Paper Co., a corporation engaged in the manufacturing and sale of paper, with its principal office in Chicago, Ill.   Prior to and in the early part of the year 1922 petitioner was approached by A. B. Lewis, president of the Western Lithographers Association, who urged that the E. E. Lloyd Paper Co. consider entering into a contract with the Western Lithographers Association for the furnishing of a supply of safety paper for the uses of its members.   The E. E. Lloyd Paper Co. was not at that time in a position to enter into such a contract by reason of the fact that the manufacture of commercial safety paper required knowledge of a secret formula, which secret formula was not known to the E. E. Lloyd Paper Co. or any of its officers.   Petitioner was nevertheless urged by Lewis to procure the formula and was assured that his company would be given a very profitable contract with the Western Lithographers Association if petitioner could ascertain the nature of the formula in question and undertake the manufacture of safety paper.   The contract then in contemplation was a contract to supply such paper for the year 1923.

Petitioner presented the matter to the directors of the E. E. Lloyd Paper Co.   They were unwilling to advance the funds necessary in an investigation having for its purpose the ascertainment of the secret formula for making safety paper.   Petitioner, being desirous that the company proceed, finally agreed to advance the funds necessary for such investigation with the understanding that such advances would be repaid to him in the event that the effort was successful and a contract for safety paper for the year 1923 was negotiated with the Western Lithographers Association.

Petitioner employed one Garfield Charles to endeavor to secure the secret formula.   This employment continued during the greater part of the year 1922 and petitioner paid to Charles in and for the

year 1922 a total amount of $5,748.94 to conduct the investigation. The investigation was wholly unsuccessful and the E. E. Lloyd Paper Co. did not reimburse petitioner on account thereof either in 1922 or at any other time.

In his income-tax return for the year 1922 petitioner claimed as a deduction on account of business expenses the sum of $5,748.94 paid to Charles. In the audit of petitioner's return for the year 1922 respondent disallowed the item as a deduction.

OPINION.

ARUNDELL: The amount expended by petitioner in 1922 is claimed under section 214(a)(4) of the Revenue Act of 1921 providing for the deduction of:

Losses sustained during the taxable year and not compensated for by insurance or otherwise, if incurred in trade or business.

The word " loss " is a comprehensive one. As said in *Electric Reduction Co.* v. *Lewellyn*, 11 Fed. (2d) 493; 5 Am. Fed. Tax Rep. 5897:

"Failure to keep that which one has is a loss." *Foehrenbach* v. *German-American Title & Trust Co.*, 6 A. 561, 217 Pa. 332, 12 L. R. A. (N. S.) 465, 118 Am. St. Rep. 916. There are many kinds of loss: Money out of pocket; a judgment, changing the status from solvency to insolvency. *Schambs* v. *Fidelity & Casualty Co.*, 259 F. 55, 58, 170 C. C. A. 55, 6 A. L. R. 1231.

Petitioner here spent the sum of $5,748.94 and was unable to secure reimbursement due to the failure of the project. Had the venture been successful, he would have been repaid. As the matter stood at the close of the taxable year he was out of pocket the sum claimed. It was, as we see it, a loss " not compensated for." We are further of the opinion that the loss was " incurred in trade or business " in that the furtherance of the business of the company of which he was president was legally and logically his business.

*Judgment will be entered on 15 days' notice, under rule 50.*

Considered by LANSDON, STERNHAGEN, and GREEN.